UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LBC HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>RESQSOFT, INC.,<br><br>    Defendant. | 4:17-CV-04135-RAL<br><br>OPINION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND GRANTING ONLY IN PART MOTION TO DISMISS |

Plaintiff LBC Holdings, LLC (LBC), filed a complaint against defendant ResQSoft, Inc. (ResQSoft), alleging ResQSoft had violated a verbal loan agreement. Doc. 1. ResQSoft moved to dismiss LBC's complaint for failure to state a claim, Doc. 6, and LBC opposed that motion and alternatively moved for leave to amend its complaint, Doc. 8. This Court now grants LBC's motion for leave to amend its complaint and grants ResQSoft's motion to dismiss only as to LBC's claim founded in breach of contract.

I. **Background**

LBC is a limited liability company incorporated under the laws of South Dakota and has its principal place of business in South Dakota. Doc. 1 at ¶ 1; Doc 8-1 at ¶ 1. ResQSoft is a Virginia corporation with its principal place of business in Virginia. Doc. 1 at ¶ 2; Doc. 8-1 at ¶ 2. LBC alleges that in early 2014, LBC and ResQSoft entered into a verbal partnership to secure government contracts dealing with legacy software upgrades, and that under this arrangement, LBC forwarded funds to ResQSoft in the amount of $126,558.83 between March of 2014 and January of 2015. Doc. 1 at ¶¶ 6–7; Doc. 8-1 at ¶¶ 6–7. LBC further alleges that ResQSoft agreed these funds were given as

1

a loan, which would accrue interest at five percent per annum, but that this loan agreement was not reduced to any form of writing. Doc. 1 at ¶¶ 8–9; Doc. 8-1 at ¶¶ 8–9. LBC has demanded repayment of these funds, and ResQSoft has refused this demand. Doc. 1 at ¶¶ 11–12; Doc. 8-1 at ¶¶ 11–12.

After LBC filed its complaint, ResQSoft moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim, arguing that the statute of frauds under South Dakota law barred LBC's claim because loan agreements must be in writing. Doc. 7 at 2–3. LBC counters that equitable estoppel prevents ResQSoft from invoking the statute of frauds, and alternatively seeks leave to amend its complaint to allege claims of both breach of contract and unjust enrichment. Doc. 9 at 1–3. ResQSoft argues that equitable estoppel does not apply here as a matter of law and that LBC should not be allowed to amend its complaint because the unjust enrichment claim fails as a matter of law. Doc. 13 at 2–6. This Court first addresses LBC's motion to amend and the unjust enrichment claim therein, and then addresses whether the equitable estoppel argument saves LBC's breach of contract claim.

## II. Discussion

### A. LBC's Motion to Amend its Complaint to Include Unjust Enrichment

LBC moves to amend its complaint, Doc. 8, and attached its proposed amended complaint. Doc. 8-1. "A decision whether to allow a party to amend [a] complaint is left to the sound discretion of the district court . . . ." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Motions for leave to amend "should be freely given in order to promote justice." Plymouth Cty. v. Merscorp, Inc., 774 F.3d 1155, 1160 (8th Cir. 2015).

LBC's proposed amended complaint does not actually add any factual allegations, but rather specifies two counts—breach of contract and unjust enrichment. Doc. 8-1 at 3. LBC's original

complaint, while not entirely clear, can be read to allege only breach of an oral loan agreement. See Doc. 1. LBC's original complaint contained factual allegations to support a claim for unjust enrichment, but did not expressly plead unjust enrichment. LBC's proposed amended complaint specifies separate claims of breach of contract and unjust enrichment, albeit based on the same factual allegations in the original complaint. Doc. 8-1 at ¶¶ 15–24. ResQSoft argues that the unjust enrichment claim fails as a matter of law, and opposes the motion for leave to amend. Doc. 13 at 4–6.

Because this action is brought under diversity jurisdiction, this Court applies state substantive law. See Fogelbach v. Wal-Mart Stores, Inc., 270 F.3d 696, 698 (8th Cir. 2001). Both parties' briefing recognizes that South Dakota—where LBC is incorporated and has its principal place of business—is the state whose substantive law applies here. Docs. 7, 9, 13. Under South Dakota law, "[u]njust enrichment occurs when one confers a benefit upon another who accepts or acquiesces in that benefit, making it inequitable to retain that benefit without paying." Hofeldt v. Mehling, 658 N.W.2d 783, 788 (S.D. 2003) (citation and internal quotation marks omitted). A plaintiff alleging unjust enrichment under South Dakota law must prove three elements: 1) that the plaintiff conferred a benefit on the defendant; 2) that the defendant was aware of the benefit; and 3) that the defendant would be unjustly enriched if it is allowed to retain the benefit without reimbursing the plaintiff. N. Valley Commc'ns, LLC v. Qwest Comm'n Corp., 659 F. Supp. 2d 1062, 1071 (D.S.D 2009); Parker v. W. Dakota Ins., Inc., 605 N.W.2d 181, 187 (S.D. 2000).

The question here is whether LBC has pleaded factual allegations sufficient to make a plausible showing that it is entitled to relief under a theory of unjust enrichment. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The first element of LBC conferring a benefit on ResQSoft is clearly met; LBC alleges that it provided funds to ResQSoft in the amount of $126,558.83 between March of 2014 and January of 2015. Doc. 1 at ¶¶ 6–7; Doc. 8-1 at ¶¶ 6–7. LBC further alleges that ResQSoft

used those funds in its business, and has refused LBC's demand for repayment, Doc. 1 at ¶¶ 11–12; Doc. 8-1 at ¶¶ 11–12, thus establishing the second element of ResQSoft being aware of the benefit.

Whether LBC has pleaded factual allegations sufficient to plausibly establish the third element is the contested issue here. Showing that an enrichment would be unjust is an inquiry which "is necessarily focused on the nature of the transfer itself." Dowling Family P'ship v. Midland Farms, 865 N.W.2d 854, 864 (S.D. 2015). "An enrichment is unjust if it 'lacks an adequate legal basis; [i.e.,] it results from a transaction that the law treats as ineffective to work a conclusive alteration in ownership rights.'" Id. (alteration in original) (quoting Restatement (Third) of Restitution and Unjust Enrichment § 1 cmt. b (2011)). "Enrichment is unjust if it is a result of money paid by mistake." Parker, 605 N.W.2d at 187 (citation omitted). LBC alleges that the parties intended the funds transferred to ResQSoft by LBC to constitute a loan with interest at five percent, but South Dakota law requires loan agreements to be in writing and LBC has admitted that no such writing exists. See SDCL § 53-8-2(4); Doc. 1 at ¶ 9; Doc. 8-1 at ¶ 9. LBC has alleged that it paid money to ResQSoft pursuant to a mistake of law, and has therefore established the third element for a claim of unjust enrichment. See United States v. Black Hills Tree Farm, No. CIV. 09-5049-JLV, 2011 WL 1044376, at *11 (D.S.D. Mar. 17, 2011) ("Whether by fraud . . . or a mistake of law or fact under the common law claims, the retention of these funds by . . . defendants would be a mistake, and thus, unjust enrichment.") (internal quotations omitted); Parker, 605 N.W.2d at 187 ("Enrichment is unjust it is a result of money paid by mistake."). LBC's complaint sufficiently pleads facts which "state a claim to relief that is plausible on its face," and therefore justice is promoted by granting LBC's motion to amend its complaint.

### B. ResQSoft's Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6), a court must accept the plaintiff's factual allegations as true and construe all inferences in the plaintiff's favor, but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69

(8th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

ResQSoft moved to dismiss LBC's complaint under Rule 12(b)(6) because the statute of frauds requires "[a]n agreement for a loan of money or for an extension of credit" to be in writing. See SDCL § 53-8-2(4). LBC does not dispute that the statute of frauds requires a loan agreement to be in writing, but rather argues that ResQSoft's motion should be denied (and in turn the breach of contract claim should remain) because equitable estoppel prevents ResQSoft from invoking the statute of frauds. Doc. 9 at 1–2. Because LBC has failed to plead facts which would justify application of equitable estoppel, LBC's breach of contract claim does not survive a motion to dismiss.

There are four elements under South Dakota law that LBC must show for equitable estoppel to apply: "(1) [ResQSoft] made false representations to or concealed material facts from [LBC]; (2) [LBC] did not have knowledge of the real facts; (3) the misrepresentations or concealment was made with the intention that it should be acted upon; and (4) [LBC] relied upon those misrepresentations or concealment to its prejudice or injury." E. Side Lutheran Church of Sioux Falls v. NEXT, Inc., 852 N.W.2d 434, 441 (S.D. 2014).[1] Equitable estoppel "requires an element of deception or gross

---

[1] LBC, in opposing ResQSoft's motion to dismiss, cited to a 1976 case in which the Supreme Court of South Dakota held that equitable estoppel may prevent a party to an oral agreement from invoking the statute of frauds and set out different elements for the doctrine of equitable estoppel than those this Court has cited above. Doc. 9 at 1–2 (citing Farmers Elevator Co. of Elk Point v. Lyle, 238 N.W.2d 290, 293 (S.D. 1976)). Because the elements of equitable estoppel articulated in Farmers

5

negligence amounting to constructive fraud." Am. Bank & Trust v. Shaull, 678 N.W.2d 779, 791 (S.D. 2004). "There can be no [equitable] estoppel if any of these essential elements are lacking, or if any of them have not been proved by clear and convincing evidence." Cooper v. James, 627 N.W.2d 784, 789 (S.D. 2001) (quoting Taylor v. Tripp, 330 N.W.2d 542, 545 (S.D. 1983)).

Even assuming LBC's factual allegations as true, the allegations in LBC's complaint and proposed amended complaint do not plead facts that establish the elements of equitable estoppel. Both the initial and proposed amended complaints are devoid of any allegation that ResQSoft made false representations or concealed material facts from LBC, or that LBC was ignorant of those facts. Rather, LBC alleges that the parties entered into an oral loan agreement, and that ResQSoft has repudiated that agreement by refusing to pay LBC back for the funds it purportedly loaned. If true, these allegations support an unjust enrichment claim and suggest that ResQSoft may have taken advantage of the lack of a written agreement to render the alleged oral loan agreement enforceable. But the complaint and proposed amended complaint plainly do not allege the requisite deception to support the first element of equitable estoppel.

To survive ResQSoft's motion to dismiss, LBC's complaint must allege facts which on their face would support a plausible claim to relief. Without equitable estoppel to preclude ResQSoft from invoking the statute of frauds, LBC's claim of a breach of contract based on an oral loan agreement fails. To be enforceable, South Dakota law requires loan agreements to be in writing, and LBC has admitted that no such writing exists. See SDCL § 53-8-2(4); Doc. 1 at ¶ 9; Doc. 8-1 at ¶ 9. As such,

---

Elevator differ from the South Dakota Supreme Court's more recent cases, some uncertainty in South Dakota law previously existed as to whether the elements of equitable estoppel articulated in that case apply when an oral agreement is at issue. However, the Supreme Court of South Dakota's decision in Hahne v. Burr, 705 N.W.2d 867 (S.D. 2005) eliminated that uncertainty. In Hahne, a plaintiff attempted to preserve his breach of contract claim in part by arguing that equitable estoppel prevented the defendant from invoking the statute of frauds. Id. at 873. The Supreme Court of South Dakota articulated the four elements of equitable estoppel as cited in the text of this Opinion and Order and found the plaintiff's claim failed as not satisfying those elements. Id.

LBC does not "state a claim to relief that is plausible on its face" for breach of contract, and that claim is dismissed.

**III.    Conclusion**

For the reasons explained above, it is hereby

ORDERED that LBC's motion for leave to amend its complaint, Doc. 8, is granted and that LBC is given 14 days for counsel to sign and file the amended complaint proposed in Doc. 8-1. It is further

ORDERED that ResQSoft's motion to dismiss for failure to state a claim, Doc. 6, is granted only as to the claim for breach of contract in the amended complaint and not as to the unjust enrichment claim.

DATED this 14th day of February, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE